UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| UNITED STATES OF AMERICA | * | CIVIL ACTION NO. 10-0045 |
|---|---|---|
| VERSUS | * | JUDGE DOHERTY |
| CARMEN GUILBEAUX | * | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION
ON MOTION FOR DEFAULT JUDGMENT

Pending before the undersigned for report and recommendation is the Motion for Default Judgment filed by the United States of America ("U.S.A."), on April 6, 2010.  [rec. doc. 5].  No opposition has been filed, and the deadline for filing opposition has expired.[1]  For the following reasons, it is recommended that the motion be **GRANTED**.

**Background**

Plaintiff, the U.S.A. brought this suit seeking judgment against defendant, Carmen Guilbeaux ("Guilbeaux"), for default on a promissory notes (the "note").  Guilbeaux executed these notes, dated October 12, 2002, to the U.S.A. through the Department of Education ("DOE").  This loan was disbursed in the sum of

---

[1] LR 7.5W provides that opposition shall be filed within twenty-one (21) days after service of the motion.

$23,679.38 at the rate of 7.25% interest per annum to Guilbeaux under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a, *et seq*. [rec. doc. 1, Ex. 1].

DOE demanded payment of the notes from Guilbeaux in accordance with the terms of the notes. On January 16, 2008, Guilbeaux defaulted because of her failure to honor the demand. The U.S.A. asserts that as of March 26, 2010, Guilbeaux owes principal in the amount of $28,927.24 and interest of $6,015.81 on the notes. The interest accrues daily after March 26, 2010 at the rate of 7.25% to the date of judgment.

On January 11, 2010, the U.S.A. filed an action against Guilbeaux for her failure to repay the loan. [rec. doc. 1]. After Guilbeaux failed to file an answer, the Clerk of Court entered a default. [rec. doc. 4]. On April 6, 2010, the U.S.A. filed the instant motion for default judgment [rec. doc. 5].

## Law and Analysis

A valid cause of action on a promissory note is asserted when the plaintiff alleges that it is the holder and owner of the note and that the note is in default. *U.S. v. Nelson*, 821 F.Supp. 1137, 1138 -1139 (W.D. La.1993) (citing *American Bank v. Saxena*, 553 So.2d 836, 842 (La. 1989). Once the holder establishes these elements, then the burden shifts to the adverse party, who is required to show the

nonexistence, extinguishment, or variance in payment of the obligation. *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975).

Here, the U.S.A. has established its *prima facie* case by alleging that it is the holder and owner of the note and that the note is in default. The U.S.A., through DOE, produced a Certificate of Indebtedness showing that Carmen Guilbeaux owes the amount of $28,927.24 in principal, $4,944.88 in interest, and $5.74 accrued interest per day after July 13, 2009. [rec. doc. 1, Ex. 1]. Guilbeaux has provided no response to the motion for default judgment or any evidence to the contrary. Therefore, plaintiff has established the elements of its claim for judgment on the note.

## Conclusion

Accordingly, **IT IS RECOMMENDED** that the motion for default judgment be **GRANTED**, and that plaintiff is entitled to principal in the amount of $28,927.24 and interest accrued through March 26, 2010 in the amount of $6,015.81, plus interest from March 26, 2010 until paid at the statutorily established rate.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk

of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** ***DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed April 26, 2010, at Lafayette, Louisiana.

_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE